UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMEL CHADER, on behalf of herself and others similarly situated,<br><br>                  Plaintiffs,<br><br>-against-<br><br>HOWARD BEACH ANIMAL CLINIC, PC, STEVEN WEINSTEIN, PETER ROUFAIL, and LUCECITA GURRERA,<br><br>                  Defendants. | Civil Action No.:<br>19-cv-06611-ILG-VMS |

## **PROPOSED SETTLEMENT AGREEMENT – SUBJECT TO COURT APPROVAL**

This proposed Settlement Agreement (the "Agreement") is entered into, subject to Court approval, by and between Amel Chader (the "Plaintiff"), in the above-captioned matter, and Defendants Howard Beach Animal Clinic, PC (including all employees, managers, officers, and representatives), Steven Weinstein, Peter Roufail, and Lucecita Gurrera (collectively, "Defendants") (together with Plaintiff, the "Parties").

## **RECITALS**

**WHEREAS**, the Plaintiff has filed a purported Collective and Class Action Complaint asserting claims against Defendants under, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and the New York Labor Law, Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142, for the alleged failure to pay overtime compensation to Plaintiff for all hours worked over 40 per workweek (the "Litigation");

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all claims asserted in the Litigation, and those claims that could have been asserted, relating to the nonpayment or underpayment of overtime compensation;

1

**WHEREAS**, Defendants deny all of the allegations made by Plaintiff in the Litigation and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation.  Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

**WHEREAS**, a bona fide dispute exists as to Plaintiff's claims asserted in the Litigation;

**WHEREAS**, the Parties agreed to explore settlement, through an informal data exchange and negotiations;

**WHEREAS**, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendant in the Litigation, conducted interviews with Plaintiff, served and responded to discovery requests, obtained and reviewed documents relating to Plaintiff's claims, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiff;

**WHEREAS**, Plaintiff's individual claims, including, without limitation, the FLSA and non-class NYLL claims in the Lawsuit shall be dismissed in their entirety and with prejudice upon the Court's approval of this Agreement, and upon the Court "So Ordering" the Stipulation and Order of Dismissal with Prejudice executed by counsels for Plaintiff and Defendants, as set forth below:

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES** that:

In consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions.

1. <u>Agreement Void Until Approved By Court</u>: This Agreement shall be null, void, and non-binding, and without any force or effect, unless and until it is approved by an Order of the Court in the Litigation.

2. <u>Payment for Settlement of the Litigation</u>: Defendants, or any of them, shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff has or may have against any and all of the Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty Five Thousand Dollars and No Cents ($65,000.00) (the "Settlement Amount") to be paid in two checks, as follows: one check in the amount of Forty Three Thousand, Six Hundred Sixty-Six Dollars with Eighty-One Cents ($43,066.81) made payable to Plaintiff Amel Chader; and one check in the amount of Twenty One Thousand, Nine Hundred Thirty-Three Dollars with Nineteen Cents ($21,933.19) made payable to "Law Office Of Brian L. Greben, as Attorneys for Plaintiff," (representing attorney's fees plus litigation expenses) within Seven Days (7) after court approval of this Settlement Agreement, delivered to Defendants' counsel.

3. <u>Plaintiff Responsible for All Taxes</u>. Plaintiff agrees to hold Defendants harmless and indemnify Defendants from any and all payments the Company may be required to make to

3

any taxing authority as a result of Plaintiff's failure to pay any taxes in connection with any payment(s) made under this Agreement.

    4.    <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants, regarding allegedly unpaid or improperly paid wages, including, without limitation, those claims in the Litigation that have occurred as of the Effective Date of this Agreement, including claims of:

    a. violations of the minimum wage or overtime provisions of the Fair Labor Standards Act;

    b. violations of the minimum wage and overtime provisions of the New York Labor Law;

    c. defendants' failure to pay any wages owed to plaintiff;

    d. the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders;

    e. the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or

    f. any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension. plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, or employee benefits.

    5.    <u>Stipulations of Discontinuance With Prejudice</u>:  Within thirty (30) calendar days after the Court in the Litigation issues an Order approving of this Settlement Agreement and

4

Release, the Parties, through their counsel, shall execute, exchange, and file stipulations discontinuing the Litigation, with prejudice, and without costs to any Party.

6. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a duly authorized representative of Plaintiff and Defendants.

8. <u>Acknowledgments</u>: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

**To Plaintiff:**
Brian L. Greben, Esq.
LAW OFFICE OF BRIAN L. GREBEN
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357
Email: brian@grebenlegal.com

**To Defendants:**
Justin T. Kelton, Esq.
ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN,
FORMATO, FERRARA, WOLF
& CARONE, LLP
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Email: jkelton@abramslaw.com

10. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement once the same is approved by the Court in the Litigation, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12. <u>Release Notification</u>: Defendants advised Plaintiff Amel Chader to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff Amel Chader acknowledges that she has consulted with Brian L. Greben, Esq. of Law Office Of Brian L. Greben. Plaintiff Amel Chader acknowledges that it is her choice to waive claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of

time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff Amel Chader confirms that she has read and fully understood this Settlement Agreement and Release, and that no translation of this Settlement Agreement and Release is requested or necessary, and that she is signing this Settlement Agreement and Release voluntarily.

13.     <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

14.     <u>Entire Agreement</u>: This Agreement contains the entire agreement and understanding among the parties hereto with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements, understandings, inducements and conditions, express or implied, oral or written, of any nature whatsoever with respect to the subject matter hereof. The express terms hereof control and supersede any course of performance and/or usage of the trade inconsistent with any of the terms hereof. This Agreement may not be modified or amended other than by an agreement in writing signed by all parties to this agreement.

**[SIGNATURES ON FOLLOWING PAGE]**

UNDERSTOOD, ACCEPTED, AND AGREED:

*[signature: Amel Chader]*

Amel Chader, on behalf of herself and
others similarly situated,

Date: 08/27/2020

Sworn to before me this 27th day
Of August 2020

*[signature]*

Notary Public

BRIAN L. GREBEN
Notary Public, State of New York
Reg. No. 02GR6326127
Qualified in Nassau County
Commission Expires June 15, 2023

8

**UNDERSTOOD, ACCEPTED, AND AGREED:**

_Stacey Newton_
Howard Beach Animal Clinic, PC,
By _[signature]_, its _____
Date: 8/27, 2020

Sworn to before me this 27 day
Of August 2020

_[signature]_
Notary Public

9

**UNDERSTOOD, ACCEPTED, AND AGREED:**

_____
Steven Weinstein
Date: 08/27, 2020

Sworn to before me this 27 day
Of August 2020

_____
Notary Public

Mark Dorenbosch
Notary Public, State of Connecticut
My Commission Expires 03/31/2025

**UNDERSTOOD, ACCEPTED, AND AGREED:**

_____
Peter Roufail
Date: 8/27/2020

Sworn to before me this 27 day
Of August 2020

_____
Notary Public

BIERKA Y FRIAS
Notary Public - State of New York
NO. 01FR6347049
Qualified in Queens County
My Commission Expires Aug 29, 2020

11

**UNDERSTOOD, ACCEPTED, AND AGREED:**

_____
Lucecita Gurrera
Date: 8/27, 2020


Sworn to before me this 27 day
Of August 2020

_____
Notary Public

BIERKA Y FRIAS
Notary Public - State of New York
NO. 01FR6347049
Qualified in Queens County
My Commission Expires Aug 29, 2020

12